PEOPLE, PLAINTIFF AND APPELLEE, *v.* ECHAVARRÍA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution
for Libel.

No. 1653.—Decided March 15, 1921.

LIBEL — PLEADING. — A complaint for libel wherein the libelous words are not
transcribed is fatally defective, for although it is not necessary to transcribe
the whole publication, the court must have before it the words alleged to be
libelous in order to be able to decide whether or not they are libelous.

ID.—ID.—To publish in a newspaper that a police officer went to a bakery and
took some bread without paying for it, availing himself of his official ca-
pacity, is not libel in the absence of an innuendo that the policeman was
guilty of theft or the like, for that act is among those which a policeman
may occasionally perform in compliance with a lawful duty.

The facts are stated in the opinion.

*Messrs. B. Fernández, C. Domínguez* and *L. Capó* for the
appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case is as follows:

"I, Felipe Blanco, District Chief of Insular Police, 42 years of
age and residing at No. 30, Palmer Street, Guayama, P. R., charge
Moisés Echevarría with libel in that in the city of Guayama, P. R., of
the Municipal Judicial District of Guayama, P. R., and on July 26,
1919, the said Moisés Echevarría, as managing editor of a newspaper
called *Alba Roja,* published at Ponce, P. R., and which circulated in
Guayama, P. R., wilfully and maliciously published in edition No. 49
corresponding to the second year of said publication, on the date
mentioned, an article under the heading 'Maremagnum,' tending to
question the honesty and integrity of Corporal Victor Fuentes, I. P.,
who resides at Guayama, P. R., charging him with certain dishonor-
able acts such as frequenting bakeries of this city and taking bread
therefrom without paying therefor under color of his character as a
public officer."

The said complaint is fatally defective, inasmuch as it
does not transcribe the libelous words. The court must de-
cide whether the words alleged are libelous and hence they
should be set forth. 25 Cyc. 577; 17 R. C. L. 465; Newell

on Libel and Slander, 1163, 1165. *People* v. *Mallens,* 27 P. R. R. 375, merely decides that of a particular publication only the libelous part need be expressed.

Without any further innuendo it may be questioned whether a police officer going to a bakery and taking bread without paying for it, availing himself of his official character, is the statement of a libel on the part of the defendant. *Non constat* that the policeman duly took the bread in discharge of an official duty. If the alleged libel meant to imply that the policeman was guilty of petty theft or the like, such an innuendo should have been made.

Appellant says that the complaint should have said that the police officer was on duty in Guayama, but we think this fact may be deduced from the complaint in the absence of a more specific objection made in the court below.

Nor was it necessary that the complaint should state that the defendant caused the paper published in Ponce to be circulated in Guayama. It was no less a libel whether the paper was circulated in Guayama or not.

Moreover it may be questioned whether the defendant did not set that force in motion which took effect in Guayama and was the natural and probable consequence of his act. 16 C. J. 73, 81. See for parity of reasoning *In re Palliser,* 136 U. S. 257.

The words were spoken of a chief of police in Guayama and the proof tended to show that the prosecuting witness was the sole chief in Guayama at the time. Something of this sort should have appeared from the complaint. The defendant specifically objected to the complaint because it contained no inducement, colloquium or innuendo.

The judgment must be reversed and defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.